Case number 21-1544, International Outdoor Inc v. City of Troy, Michigan. Oral argument 15 minutes per side. Mr. Barrett for the appellants. Good afternoon. Adam Barrett on behalf of the appellant, International Outdoor, may please the court. I think the court's analysis needs to begin as to where we are at the last opinion. And where we were was the court remanded back the grant of summary disposition, excuse me, a grant of a motion to dismiss on a 12B6 standard. The district court then entered an order requiring the parties to submit supplemental briefings. The parties complied with that. The court held an oral argument and ultimately the court ruled in favor finding that while International Outdoor did state a claim to show that the City of Troy was impermissibly content-based, I think was the words, under the Reed standard, it nevertheless employed the next step where it in fact determined that the offending provisions could be severed. I think the analysis must begin as to what is the appropriate view of the 12B motion. And clearly to the extent that we stated a claim, we stated a claim. Going into the next step of whether or not the ordinance itself was severable, I think was inappropriate for the court to take on at that junction. So what should it have done? Gone to a trial and then considered the severability? It could have. It could also allow discovery on our claims of damages. As this court noted in footnote one of its prior opinion, clearly International Outdoor was damaged in this case. It paid a permit fee. Well, but on the circumstances as it has come out, if we agree that it's severable, that is the position where we now are in reviewing it, where are we? We have, as I understand it, tell me if I'm wrong, we have a blanket prohibition on certain sizes, heights and setbacks that apply to everybody without discretionary variances. Your billboards, the ones that you want now, will not meet that. So you are out in building your billboards the way anybody else would be, and therefore you wouldn't have gotten a permit, so even your permit fee was not damaged because it didn't have you try to get something that you were entitled to that you couldn't get. So unless we undo the severance, where is your damage, where is your claim? I think if you undo the severance either in part or in whole, it rests right there. All right, but if we don't, if we don't and if I'm right, and correct me again, that you have a size, height and setback requirements that apply to everybody so there's no discrimination are you attacking the very idea of having limitations on sizes or heights? No, what I'm attacking is if the ordinance has no prior permitting requirements, then we would have been allowed as of right under the signed ordinance. We would have needed to get a permit. It can't say on the one hand, these types of signs But you wouldn't have been allowed to put up the signs because of the size and height requirements. We could have put up a different sign though than your honor. All right. Because they prohibited Did you try to? We did not because they prohibited commercial speech. All right, but do you want to do it now? Are you willing to retract your sizes and put up a smaller sign? I'm not prepared to do that today, your honor. Okay. But my point, my point in being is that we would have had that right. If we're going to a permitting process that the court has already declared, the district court to be stating a claim for being unconstitutional, then we wouldn't have been subject to that process is my argument. As it relates to severability, the way that I have a question. The reason you filed a permitting fee is because you were pursuing the variance provision, right? Like you understood you didn't meet any of the objective standards and you were hoping to get a variance. Correct. Okay. But we have to pay to play, right? We have to file this application and pay a fee to our original argument was that the court affirmed the district court's dismissal on was that that process, I think the court concluded that that process was unconstitutional but could be severed. So then what we were left with is how the case then shaped into it, which is whether or not this permitting aspect, the ordinance on its face, and that was the remand. Okay, and does that mean that you would not have had to pay any fee if you weren't asking for a variance? You would still have to pay a fee under Troy's prior ordinance if it was an unvariated sign. Just an ordinary permit. All right, got it. But not every sign. That's why it wasn't having to pay to ask for the variance. It had to pay to ask for the sign. Right, but I think to Judge White's point is one comes with the other. If we're asking for a sign that needs a variance that requires a permit, you pay. And so that gets to the point where it makes no sense. Clearly in severing out the district court's, sorry, the two provisions of Troy's ordinance as it relates to content-based restrictions, the court basically concluded that this could stand on its own. And as I put in our briefing, you'll note that this would require that anyone who wants to post a political yard sign in their home or at their business must first apply for a permit fee. This court noted in the original opinion that that constitutes a prior restraint, and prior restraints are deemed with a high level of scrutiny to be unconstitutional. I know you argued below that the content-based provisions were unconstitutional, clearly. And I believe you also argued that they could not be severed. But as I understand it, you did not argue that if you do sever them, you are left with a provision that is unconstitutional because it requires a permit for everything and that is a prior restraint. So Your Honor, the district court brought that up in the motion for reconsideration, its opinion on the motion for reconsideration. We've responded in our appellate briefing here to say that we have argued from our complaint from paragraph 15 and on, I believe paragraph 15 of our complaint, I've written it down, that the entirety of this sign ordinance permeates content-based. I have listed in our brief the four or five instances we've made the lower record. The district court's actions here were a bit of a gotcha. We believe we're filing supplemental briefings on a 12B1 or 12B6 standard and the district court, all of a sudden, in response to the City of Troy's arguments, gets into an analysis of whether or not things are severable. And that wasn't the standard we were before. So that was the point of our motion for reconsideration. So in response to that, I argued you can't do A, B, and C and this is what will happen. And the district court said we've never said that before. And my point is, I didn't have to say that before. If I'm on a 12B, do I state a claim? And that's what I was trying to get to. And the district court's reasoning leaves us into an idea that the way they'll either cut it in part or cut it in half is still unworkable. And Michigan case law is very clear from the Supreme Court that we cannot sever an ordinance to make it unworkable. We would not intend that the City of Troy... So you're saying that the current City of Troy ordinance as construed below is unworkable? I'm sorry, Your Honor. What I'm saying is because we had an... I think this court noticed that coincidentally, right before our motion for summary, the City of Troy amended its ordinance. So I'm talking kind of in a time capsule as to the prior ordinance. I'm assuming that they wouldn't have, as it relates to the prior ordinance, wouldn't have rendered it unconstitutional. And that's the standard the Michigan Supreme Court has to supply. I'd like to, with my minute 36 remaining, just also comment about Reagan versus City of Austin. I want to be very clear here that this case does not turn on an on-off premise distinction. The Supreme Court is very clear in its ruling that the fact that there's a long history in this country under the First Amendment of regulating commercial speech. The district court, in applying the Reed Standard under this court's mandate to apply strict scrutiny, did not focus on that. It focused on two subsections which had very wide content-based descriptions here of things that could or could not be done under the signed ordinance. That does not... That's why we put in our supplemental briefs that the court asked us to file, I think, on May 1st. Why I don't think, ultimately, that case has any real impact on this case. It may on future outdoor advertising legislation, certainly not this case. We had law of the case in this one. You remanded back for the Reed Standard. This court, the district court, found under the Reed Standard, which has not been appealed, mind you, that it stated a claim. And so ultimately, that's why I believe that case is not applicable to. Let me just take you back to your prior restraint argument. Are you saying that any permit requirement is a prior restraint and thereby invalid? No. And if not, where is the limitation? That is, what would make the remaining ordinance, again, if severed, a prior restraint? I would direct the court back to its opinion on the first go-around here, which is there is a presumption of any licensure type regime that when you have to first pay to talk or ask permission to talk, that is a prior restraint and there's a high burden on you. So if the ordinance just says, within 100 feet of a public highway, we don't want any tell us that your billboard is not going to be more than 1,000 feet high. Is that an unconstitutional prior restraint? It is not. The difference here, Your Honor, is under the prior sign ordinance's language, it says political speech must first be approved. Okay. We're back to the prior. I got your point. Go ahead. Okay. I want to make sure I understand. Once you sever both of those provisions, you're left with an ordinance that requires that no matter what sign you are putting on your property or the size of that sign, you have to get a permit to do so? No. Because, and I'm sorry, I'm going to make this up. I think there's seven provisions under that. One is exemption for federal, for signs of government instrumentalities. Another exception was for, I don't recall them all, but the point is he only severed two, the district only severed two of those. There were still five other categories that left. Judge Stee said, alternatively, we could sever the whole thing. And at that point, then why did I pay a permit? So I'm damaged at least to that regard. Judge Sirheinrich, any questions from you? No. No. All right. Thank you. You'll have your rebuttal time. Mr. Motzni. Good afternoon, Your Honors. My name is Alan Motzni. I represent the City of Troy, the Appellee. I know the Court's familiar with our briefs, so I want to concentrate on the reply initially that the plaintiff provided to this Court. Essentially, what they are saying is if you sever the content provisions, or at least the provisions Judge Stee said were content, the remaining provisions constitute a non-lawful restraint. There's a couple of problems with that argument. The first problem is if you sever those provisions that Judge Stee said were content-based, the remaining provisions are all valid size, height, and setback provisions, time, place, and manner provisions. Well, who would have to apply for that permit? Anybody who wanted a sign would have to go to the ordinance officer, and they would either have to apply for a permit, or if it was still exempt under the temporary sign provisions that weren't severed, then they... Which temporary sign provisions were not severed? I have the prior ordinance in front of me. I don't want to use up your time, I'm just finding it confusing. Yeah, the smaller signs that didn't exceed a certain size were not severed. So if it's small enough, you don't need to apply, it doesn't matter what the content is? Yes, and that's even under the severed ordinance. We've of course amended our ordinance, but that's not an issue at this time that provides more specific definitions for temporary signs. So yes, someone would go to the code enforcement officer, they would either need a permit or not a permit, but the point is the remaining provisions don't require any discretion because the standards are specific. If you sever what Judge Stee said were content-based, our ordinance officer doesn't have to have any discretion because you either meet the temporary sign provisions or you need a permit, but the sign has to comply with these size, height, and setbacks, there's no discretion. I'm still confused because I don't think the issue right now is the discretion. One, the issue is whether they preserved this argument that what's left is unconstitutional, and then I guess if you reach the merits, whether it is or isn't unconstitutional. But the way you answered me earlier was that you go to the ordinance officer and you either need one or don't need one, which I think sort of falls into the prior restraint argument that you shouldn't have to go to an ordinance officer for everything you want to put on your own property for whatever speech you want to make on your own property. You're right. If it's an exempt sign, they wouldn't have to go to the ordinance officer. I'm sorry. If it's what? If the sign is exempt from the permit requirements, you're right, they would not have to go to the ordinance officer. I was just using that as an example. But the argument I'm making is the remaining provisions are not an unlawful prior restraint because the standards that are left are objective, non-discriminatory, and not aimed at censorship. Getting to the other issue you just mentioned, whether the argument was preserved. The first time the plaintiff argued that the remaining provisions after severance constitute an unlawful restraint was when they filed their motion for reconsideration. As this court is aware, we're only dealing with count two of the plaintiff's complaint at this time. Count two had nothing to do with prior restraints. Right. So the first time the plaintiff argued that once there's severance of the content base. But leading up to that, was severance part of your motion? Yes. You moved for summary. Okay. Yes. Yes. Because going back to counsel's argument that it was only a 12B6 motion, we've cited in our brief that with a 12B6 motion, the court can still consider matters of public record if it's referenced in the complaint. The plaintiff referenced our ordinance, but the ordinance, if the court recalls they attached their complaint, was not the official version. We provided the court with the official version, affidavits from our clerk, and it had the severability clause. And we based on that severability clause, Judge Stee determined that the provisions he found were content-based were severable, and the remaining provisions were not unconstitutional. The first time plaintiff argued that those remaining provisions were unconstitutional with regard to count two, was when they filed their motion for reconsideration. Because they don't make that argument in their complaint, they did not make that argument in any of their briefs. Plaintiff's reply brief says Judge Stee already made a determination that the city's ordinances were an unlawful prior restraint, but that's not correct. Judge Stee made that determination only with regard to the variance provisions of Troy's ordinance, which were part of count one. Count one was dismissed and affirmed by this court in the last appeal. Count two had nothing to do with whether or not there was an unlawful prior restraint. So plaintiff did not preserve the issue, because plaintiff did not make that argument in its complaint with regard to count two, or at any other time with regard to any of its briefs. Let me take you back to what you characterized at one point as time, place, and manner, the size, height, and setback. The district judge pretty clearly says the city can enforce size, height, and setback, and that would be constitutional. But how is that tied to permitting? That is, if I want to put up a sign that is clearly small enough, short enough, and setback enough, do I have to get a permit for that? Yes, you do. And in that, what do you do? Do you assert how big it is and so forth? In the application, you would say it's this meets this setback, it's this height, tall. Presumably the person who wants to set, put up a sign that's too big and too close would also have to apply, but then it would be denied because it was too big or too close. Correct. But it would be denied on objective criteria, because not on bridal discretion, but based on specific numbers in the order. So the answer to his, quote, prior restraint argument is simply that under these circumstances, having to apply for something you have a right to is not a prior restraint. It's not. A non-lawful prior restraint. A non-lawful prior restraint. And is the city of Troy now pretty much happy with its ordinance as severed by Judge Stee? Well, we amended the ordinance. In compliance with it? Yes. So whether you're happy with it or not, it is your law. Yes. Okay. So are you saying that under the current ordinance, you have to apply for a permit for a campaign sign? Well, let me answer that. If your campaign sign is a large billboard, yes, because that goes to the... I'm talking about that. Okay. If it's a small paper? A sign that fits within these objective criteria that supposedly everyone is entitled to under the ordinance, one sign, 10 by 10, no more. So if I want to put out a sign like that, that complies, do I have to apply for a permit? Not under the current ordinance. If it's a small... But it seemed to me three minutes ago, I thought I'd asked exactly that question and you said yes. No, I'm asking about the current... I know, I know, but I thought that was what I asked. I said, if you have a compliance sign, do you have to ask for a permit? And I thought you told me yes. I mean, I like your answer to her better, but I just want to be clear. Yeah, maybe I misunderstood your question. I'm sorry, Your Honor. If under the current ordinance, we still allow an exemption for temporary signs. So if you have one of those paper signs with wires, you don't need a permit because it would be a temporary sign, but it's not based on the fact that it's an election sign or a holiday sign. Right, it's whatever the content. It's not based on the content. But under the old one, you would have to apply. If you sever the... Yes, if you're on the... Yes, the severed ordinance. Under the severed ordinance, unless it still fell within a temporary provision that wasn't severed, you would need a permit, correct? And it would have to comply with the permit requirements. But those permit requirements, again, are specific, and we're saying that it's not an unlawful prior restraint. The other argument I think the plaintiff made in its reply was that they suffered damages because they claimed they had to pay a permit fee, but it was unconstitutional to pay that permit fee because according to plaintiff, the permit requirement had to be severed as well. The problem with that argument is that's not true. Judge Stee, in his order on reconsideration specifically, said, I never ruled that you had to sever the permit requirement. So that argument that they apparently had to pay a permit for a provision that should have been severed is incorrect because you did not have to sever the permit requirement in order to make the remaining provisions proper and constitutional. And with my remaining time, I will address the Austin case. Let me ask you one more thing to make sure I have this right. You want to put up a sign that is small enough and far enough back. It's not a temporary sign, okay? Do I need a permit or not? If it doesn't meet the definition of a temporary sign or one of the other exemptions, you would need a permit, correct? Even though it's clearly small enough and far enough back. If it doesn't fall within, yeah, correct. You would need a permit. And what if it's... So one of those signs like, you know, so and so is a terrible doctor, you know, that you intended to leave up, you'd need a permit. If it didn't meet the exceptions, you would need a permit. But the permit could only be denied if it was too big or too close. Correct. In the Austin case... And that's under the old one but not the new one. Under the new one, we have more detailed instructions or definitions that define a temporary sign based on the structure and the materials, nothing to do with content. We removed all the words like politico, holiday, and real estate. Okay, but under the new one, it has to be temporary for you not to have a permit. It's not any sign of a certain size and setting, right? If it's a sign that requires a foundation, it would be a permanent sign, it would require a permit. Okay, okay, thanks. Go on. The court asked us to address Austin and we contend that Austin is relevant and although we didn't erase it on our first appeal brief, I believe that the court has asked us to address it so I believe it is relevant. We argue this in our supplemental brief and I only have a minute left but basically it's our contention that even the provisions that Judge Steepe found to be content based were not really content based. Yes, it wasn't worded well because we used words like politico and holiday but none of those provisions were definitional. Whether or not somebody needed a permit or whether they were exempt, again, was based on the type of sign, it's structured, it wasn't based on the topic or the message. The point being our oral ordinance, although not worded as carefully as it should have been, as it is now, it did not regulate based on the topic or the message. It was based on whether or not it was a permanent sign that had a foundation or whether or not it was a smaller sign that did not need the foundation. In other words, the permit decision maker did not have to examine the content to know whether it was a temporary sign, exempt, or a permanent sign that required a permit. Is that language of the new ordinance defining temporary, which I guess you say has to do with foundation and type of the message paper, is that in the record at a particular place or in the briefs at a particular place? It may not be, Your Honor, because this whole case involved the...actually, yes, it would be in the record, I'm sorry, because at one point the court determined that plaintiff's arguments were moot, so yes, it should be in the record. I can't point out specifically where it is. All right, we'll look for it if necessary. Okay, thank you. Your time is up. You'll have your time for rebuttal, Mr. Barrett. Barrett, I want to direct the court, if I can, to page 696 of your prior opinion. I want to make sure this is very clear. At the conclusion of discovery on September 20th, International Outdoor Moot for Summary Judgment, four days later, on September 24th, the City of Troy amended its ordinance. It didn't amend it in response to anything that Judge Stee did. In fact... It has not been amended since that time? No, it wasn't amended in response to Judge White's comments on things that Judge Stee did, and in the next paragraph, the court notes that nine days before the oral argument, they found a new severability, ordinance with a severability clause in it. So that's the kind of whack-a-mole I've been playing with the City of Troy on that. Well, could you answer my question, though, about the ordinance that is now in effect? Number one, is he correct as to what he says that ordinance is? And number two, was it amended at what point relative to this litigation? Yeah, no. So, Your Honor, it is not relevant to this case, and it is not a part of the record, and it was amended four days after I filed for a motion. I understand the four days, and then I asked you, has it not been amended since? I'm unaware that it has. All right. So your complaints about that, in a sense, are that amendment, and that amendment has the temporary language that you're adversely... I'm talking about the prior version. No, I'm trying to ask, what is the version in effect now? And he's told us some things about it. I asked, where could I find it? You said it was amended four days after something way back. I asked, has it been amended since? And you said, no. I don't know if it's been amended, Your Honor, again. All right. So you don't know when the current ordinance was enacted? Correct. Okay. In that case, that's an answer. And then to Judge White's point... I want to understand precisely what you're saying about the whack-a-mole thing. So once you went back and you were arguing about the constitutionality of the provisions, the content provisions, in your argument, you did say they can't be severed. So why could you not anticipate or include the argument that says, why it can't be severed? Or it can't be severed because you're left with a prior restraint. Like, why would that not have been a natural thing to argue? Your Honor, I did argue it. Paragraph 45 of my complaint says, the entire prior signed ordinance... I'm going to keep using that phrase. The entire prior signed ordinance is content-based and cannot survive. Okay. But I'm asking now on remand motions for summary judgment, why at that point, when you said it couldn't be severed, why didn't you make that argument that what you're left with then becomes so broad it's a prior restraint? What we argued on remand is the entire ordinance needed to be stricken. And so what they're saying now, what they respond, what they... Because we filed concurrent briefs, if I recall correctly. And they argued, well, it can be severed. And so that's the point. And what I want to, Judge White, I want to focus on... When you say they raised that argument about it could be severed, that was before Judge Stee's ruling on remand. As a part of their briefing on remand. All right. But that was before. And did you file a response brief? I don't recall. I don't think we did, Your Honor. But I will let Pacer identify that. I don't recall exactly. Okay. What I want to say, too, is it's not about whether or not the prior signed ordinance is left to be objectionable or whether or not it's ground signs or what have you. When he struck, when Judge Stee struck 85.0302, he made the following signs subject to permit requirements. Political signs. Non-commercial signs which contain commercial information. Directional messages. An off-site for the purpose of providing directions to another premise that is having a garage sale. Estate sale. Yard sale. An on-site advertising and ongoing garage estate sale. For single dwellings or buildings or vacant land. An off-site real estate sign for the purpose of providing direction to the premises that is offered for sale. For a single dwelling or building or vacant land, on-site real estate signs. Judge Stee, by severing this, now said all these signs must be permitted and we all know that that can't be. Even if they also apply to all other signs that are not those things? They don't, though, sir. That's the whole point is he didn't strike all of it. He only struck those two provisions, leaving subsections, the remaining subsections of that paragraph. So we can't have a signed ordinance that exempts those kinds of signs and then requires other types of signs. So he says on the one hand, well, we won't require certain size of signs to have permitting because they're small and not grounded, but concurrently we will for political signs, we sure will for yard sale signs, and that can't be the standard. I'm sorry. What was left? What was left? What was left in terms of the exceptions? 85-104. Excuse me, I'm pulling it up here. Here it is. Signs permits shall not be required for street signs which are erected by the city, state, or federal government. Sign permits shall not be required for signs located on the interior of buildings. Sign permits shall not be required for signs that are not visible from any adjacent right-of-way which do not exceed 36 square feet. Sign permits shall not be required for small ground signs for use other than one and two family dwellings as long as they are not more than two square feet. I'm sorry, say that again. For small ground signs. For uses other than one and two family dwellings as long as the signs are not more than two square feet in area. So what does that mean? It means that for small signs, you don't need a permit for signs with a political message you do. Well, why would you need if you, it's severed, so you don't make any. It's the opposite, Your Honor. It's if these categories of signs are exempted from permitting, meaning that they're not exempted. As you read them, there was nothing about political in that. So if you have a political sign inside your house, it falls under whatever it was. If you have a political sign outside a one or two family house that is less than two square feet, whatever. I didn't hear the word political anywhere in what you were reading. Let me take it to you then. Paragraph five says, and this was severed, so before it's not. But it was severed. But paragraph five says, signs shall not be required for temporary signs as set forth in section 85.0302 of this chapter.  That now means in 85.0302 of the chapter, if you have a political sign, must get a permit. Trying to sell real property, must have a permit. I just finally want to conclude on- I am not following that. I'm sorry. What did you just read that you assert takes temporary political signs out of the exception that you just read about a sign and not- The litany of all seven categories of signs are those signs which do not require a permit. Judge Stee knocked out two of those. One of those he knocked out was temporary signs. Right. Defined by section 85.0302. Yes. So if it's now taken out of that section, it requires a permit. Unless it fits into one of the categories that are left. Okay, so if I put a four foot size political sign in my- all of a sudden I've got to get a permit for it? Okay, most vote for so-and-so signs might not fit that category. Okay. So that's my point. Okay. Garage sale signs now are out. Most garage sale signs are for sale signs. I see Century 21 signs are big- So are you saying everything that he said about temporary signs is a lie? No, sir, I'm not saying- Well, I mean, he said if it doesn't have a foundation, if it's below a certain size, paper, whatever- I believe he's talking about the new ordinance, sir. That's not a part of it. All right, so you're saying that after Judge Stee got off the bench, what was left of a non-severed ordinance were those things that you just read, none of which say anything about political signs. Correct. So a sign that is small enough or different enough or objective enough could still be political. If somebody says no signs over six feet and I put up a four-foot sign that says Trump is a bum or Trump is great, then, you know, what's wrong? It fits under the six-foot limit. So there's no permitting of a political sign. Correct, sir, but our case law would have high scrutiny, as this court even noted in its opinion before, of prior restraints like that where we'd have to go and say- All right, so that takes it back just to the simple argument that any kind of size, height, setback requirement is a prior restraint. You have to look at it in the context of, so why is the political sign this big but the Ford Motor Dealer sign is this large? What's the difference? But then that's on-site, off-site. Okay, but what if it's the Ford Motor site's own dealership sign? So I can say Trump's a bum or Trump is great. On my house, it's longer than two feet, but Ford can have a giant, on its own dealership, a giant sign. That's the on-site, off-site argument, which we can look at separately. Okay, counsel, I think you've gone way, we've taken you way, way over. Judge Sirheinrich, do you have anything that you wish to ask of the gentleman? I have a question. Judge White, go right ahead. Okay, damage-wise, we're talking about your best-case scenario is a permit fee, right? So am I correct that what we're really talking about is your ability to get attorney fees for all of this litigation that- Yes, Your Honor. I wanted to direct you to footnote one, where you very, this court very clearly said that at a minimum, Outdoor has sufficiently alleged facts showing at a minimum that it incurred costs that other rectors were exempt from because the proposed signs were not afforded the same favor treatment under the ordinance. That's exactly what this is about. Okay. We've vindicated a civil right, and I believe, as we've seen, I think we're entitled to compensation for it. Thank you. Thank you. All right, thank you. That case will be submitted, and the clerk may adjourn the court.